IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TAVARRES J. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-017 |
| | ) | |
| JOANNA B. MASTNY and JASON R. HASTY, | ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Valdosta State Prison in Valdosta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983 regarding events alleged to have occurred in Richmond County, Georgia. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

**I.     SCREENING OF THE COMPLAINT**

   **A.     BACKGROUND**

Plaintiff names as Defendants: (1) Joanna B. Mastny; and (2) Jason R. Hasty. (Doc. no. 1, pp. 1, 2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 9, 2017, Plaintiff requested grand jury indictment documents from Richmond County Superior Court regarding his underlying criminal conviction. (Id. at 5.) These

documents showed there was no grand jury hearing or other documentation about the presiding judge, courtroom number, date, or grand jury minutes. (Id.) Plaintiff also learned the grand jury foreperson was not the same person as the signature on the true bill of indictment. (Id. at 6.)

Plaintiff notified his public defender, Defendant Jason R. Hasty, of his findings and requested Mr. Hasty file a motion to permit discovery on the indictment and a "production of alleged grand jury subpoena." (Id.) Mr. Hasty told Plaintiff a grand jury hearing is not required prior to indictment and the only requirement is for the foreperson of the grand jury to sign the true bill of indictment. (Id. at 6-7.) On July 1, 2017, Plaintiff sent letters to Mr. Hasty concerning assistant district attorney Defendant Joanna B. Mastny's handling of the indictment and again requested Mr. Hasty file motions. (Id. at 7.) Mr. Hasty refused to file any motions and told Plaintiff he was stuck with him. (Id. at 8.)

On November 1, 2017, Plaintiff filed pro se "motions for production of discovery of grand jury witness testimony and grand jury hearing transcript." (Id.) Plaintiff never received a response from these motions. (Id.) Prior to the pre-trial hearing on December 4, 2017, Mr. Hasty would not speak to Plaintiff, and at the pre-trial hearing, Mr. Hasty and Ms. Mastny tried to get Plaintiff to accept a plea deal for twelve years, which Plaintiff rejected. (Id. at 8-9.) Plaintiff also sent grievance letters to the State Bar of Georgia's consumer assistance program regarding Mr. Hasty's competence and failure to communicate with Plaintiff. (Id. at 9.)

On December 14, 2017, Plaintiff filed a motion to quash the indictment. (Id.) On January 8, 2018, Richmond County Superior Court Judge Carl C. Brown held a hearing on Plaintiff's motion to quash. (Id. at 10.) At the hearing, Plaintiff requested to speak on his own behalf about Mr. Hasty's representation of him and have Mr. Hasty released as his counsel. (Id.

at 10-11.) However, Judge Brown prohibited Plaintiff from speaking at the hearing about the defective indictment or anything else. (Id. at 11.) Judge Brown also stated Mr. Hasty would continue to represent Plaintiff. (Id. at 12.) Also, at the hearing, Plaintiff asked Ms. Mastny about the indictment and she told him Georgia law did not require the indictment be brought before a grand jury as long the indictment states it is sufficient to prosecute this case. (Id. at 13.) Ms. Mastny also stated she could re-indict the case. (Id.)

On February 26, 2018, Plaintiff's criminal trial began, and Plaintiff was forced to defend himself against charges not properly indicted by a grand jury. (Id. at 14.) Plaintiff alleges Ms. Mastny's actions constituted a "bad faith prosecution" by acting in concert with Judge Brown to deny his motion to quash the indictment. On February 27, 2018, Plaintiff was convicted of robbery by intimidation. (Id.; doc. no. 1-1, p. 5.) Due to being incarcerated, Plaintiff states he is at risk of physical injury from prison violence and is suffering from emotional distress. (Doc. no. 1, pp. 15-16.) He alleges Defendants acted in concert to unlawfully prosecute Plaintiff based on a faulty indictment, resulting in violations of his First, Fifth, and Fourteenth Amendment rights. (Id.) As relief, Plaintiff seeks a declaration from the Court that Defendants violated his constitutional rights, $1 in nominal damages, and $9,000,000 total in compensatory and punitive damages from Defendants. (Id. at 18-19.) On February 20, 2019, Plaintiff filed an affidavit concerning the same facts as in his complaint, along with additional argument about the allegedly improper indictment. (Doc. no. 4.)

**B.     DISCUSSION**

   **1.     Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must

4

provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Failure to State a § 1983 Claim Against Defendant Mastny

Plaintiff's claims against Ms. Mastny are subject to dismissal because her role as a prosecutor entitles her to immunity. "A prosecutor is immune from liability under § 1983 for [her] actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). This absolute immunity shields a prosecutor from liability when faced with "allegations stemming from the prosecutor's function as advocate." Rehberg v. Paulk, 611 F.3d 828, 838 (11th Cir. 2010) (quoting Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). "The prosecutorial function includes initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted).

Plaintiff claims Ms. Mastny's actions as the prosecutor in his criminal case constituted a "bad faith prosecution." (Doc. no. 1, p. 4.) Plaintiff alleges Ms. Mastny oversaw Plaintiff's case from indictment to conviction as the prosecuting attorney, negotiated

plea deals, and argued against Plaintiff's motion to quash. (Doc. no. 1., pp. 7-16.) However, none of Plaintiff's allegations show Ms. Mastny ever acted beyond her function as prosecutor. Accordingly, Ms. Mastny is entitled to prosecutorial immunity for Plaintiff's claim against her.

### 3. Plaintiff Fails to State a Claim Against Defendant Hasty Because He Is Not a State Actor

Plaintiff fails to state a viable § 1983 claim against Mr. Hasty because public defenders are not state actors. To establish a § 1983 claim, a plaintiff must show "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Specifically, public defenders are not liable under § 1983 because "they are not state actors." Rolle v. Green, 712 F. App'x 897, 899 (11th Cir. 2017) (citing Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981)). "[R]epresentation of a client is an essentially private function, for which state office and authority are not required; and that a public defender is paid by the state . . . has no bearing on the lawyer's duties and obligations." Wusiya v. City of Miami Beach, 614 F. App'x 389, 392-93 (11th Cir. 2015) (citing Polk Cty., 454 U.S. at 318-19).

Plaintiff clearly alleges Mr. Hasty was appointed to represent him as his public defender. (Doc. no. 1, p. 4; doc. no. 1-1, p. 8.) At most, Plaintiff alleges Mr. Hasty did not file motions on Plaintiff's request, did not investigate the indictment properly, and did not communicate with Plaintiff. Plaintiff's allegation do not cover any act by Mr. Hasty outside of his representation of Plaintiff as a public defender. Thus, Mr. Hasty is not state actor and

6

Plaintiff fails to state a claim under § 1983.

### 4. Any Potential State Law Claims Should Be Dismissed.

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his complaint, those should be dismissed so that Plaintiff may pursue them in state court. Pursuant to 28 U.S.C. § 1331, District Courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may <u>decline</u> to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." <u>Id.</u> § 1367(c)(3) (emphasis added).

Indeed, a District Court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists. <u>See</u> <u>Nolin v. Isbell</u>, 207 F.3d 1253, 1258 (11th Cir. 2000) (directing dismissal of state law claims when case "retains no independent basis for federal jurisdiction"); <u>see also</u> <u>Republic of Panama v. BCCI Holdings (Luxembourg) S.A.</u>, 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."). Accordingly, any potential state law claims should be dismissed so that Plaintiff may, if he chooses, pursue them in state court.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's

complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and this civil action be **CLOSED**.

SO REPORTED this 26th day of March, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA